UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RICHARD ALAN STARR,                )  | |
|                                                          )  | |
|                   Plaintiff,                   )  | |
|     vs.                                            )   | 1:10-cv-0686-LJM-WGH |
|                                                          )  | |
| CITY OF NOBLESVILLE POLICE DEPT., et al.,) | |
|                                                          ) | |
|                   Defendants.             ) | |

### Entry and Order Directing Dismissal of Action

Plaintiff Richard Starr seeks punitive damages and unspecified injunctive relief from the City of Noblesville Police Department, the Chief and Assistant Chief of the Noblesville Police Department and several of its officers. Starr alleges that the Chief, the Assistant Chief, and some of its officers–others are not even mentioned in the complaint other than being listed as defendants–failed to respond properly to his complaints of criminal conduct by others. This resulted in that criminal conduct continuing and Starr himself being placed in a false and unfavorable light.

Although Starr's complaint is liberally construed, the action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because the complaint fails to state a facially plausible claim. *Bissessur v. Indiana University Bd. of Trustees,* 581 F.3d 599, 602 (7th Cir. 2009)("The complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'")(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)). More specifically, the defendants are not alleged to have violated a recognized duty owed to Starr, *see Bowers v. DeVito,* 686 F.2d 616, 618 (7th Cir. 1982)("The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order."), and hence lacks factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

The action is therefore dismissed. Starr's request for the appointment of counsel (dkt 1) is **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/29/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana